E-FILED
Friday, 06 November, 2026 10:53:29 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 26-cv-2093-CRL |
| | ) |
| | ) |
| GARY CARROLL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

During the time relevant to his Complaint, Plaintiff Deandre Thomas, proceeding *pro se*, was a federal detainee who was detained at the Moultrie County (Illinois) Jail ("the Jail"). Plaintiff has since been released from the Jail and is no longer in custody. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint.

Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must

be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, on March 1, 20026, he filed a complaint against Defendant Correctional Officer Smith alleging a violation of his rights under the Prison Litigation Reform Act ("PREA"). Rather than investigate Plaintiff's PREA complaint, Defendant Moultrie Deputy Kidd mocked Plaintiff and refused to process Plaintiff's PREA complaint properly.

In addition, Defendants Moultrie County Sergeant Wilbur, Moultrie County Deputy Bickel, Correctional Officer Pickery, Correctional Officer Morgan, and Correctional Officer Smith retaliated against Plaintiff because he filed a PREA complaint against C/O Smith. Plaintiff alleges Defendants' retaliation against him took two forms. *First*, Defendants negated Plaintiff's ability to use the Jail's commissary, to use the Jail's telephone system, and to have visits from his friends and family members. Second, Plaintiff alleges he suffered injuries when these Defendants entered his cell and physically assaulted him. Finally, Plaintiff claims that he asked for medical assistance and for treatment for the injuries that he sustained as a result of Defendants' assault against him. However, Plaintiff claims that an un-named nurse at the Jail refused to examine or to treat his injuries for three days.

Plaintiff's Complaint states two claims upon which relief can be granted: (1) a First Amendment retaliation claim against Defendants Wilbur, Bickel, Pickery, Morgan, and Smith for retaliating against Plaintiff because he filed a PREA complaint, which is an activity protected by the First Amendment; and (2) a claim for exerting excessive force

against Plaintiff in violation of his Fourteenth Amendment rights against Defendants Wilbur, Bickel, Pickery, Morgan, and Smith.[1]

Plaintiff's Complaint does not state a claim upon which relief can be granted against Defendant Deputy Kidd. Plaintiff attempts to hold Deputy Kidd liable for violating his rights under PREA. However, PREA does not provide a private right of action for a prisoner. *McRae v. Myers*, 2023 WL 2423590, * 3 (7th Cir. Mar. 9, 2023); *Bentley v. Baenen*, 2018 WL 1108701, * 2 (E.D. Wis. Feb. 27, 2018) ("The PREA does not create a private cause of action in federal court."); *Poslof v. Martel*, 2018 WL 3019916, * 5 n. 5 (S.D. Cal. June 18, 2018) (PREA "authorizes the reporting of incidents or rape and sexual abuse in prison, but it does not give rise to a private cause of action by a prisoner."). There also is no "freestanding constitutional right to [a PREA] investigation under § 1983." *Bracy v. Tully*, 2022 WL 3229325, * 3–4 (E.D. Va. Aug. 10, 2022) (collecting cases). Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Deputy Kidd.

In addition, Plaintiffs Complaint fails to state a claim against Moultrie County Sheriff Gary Carroll. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). The United States Court of Appeals for the Seventh Circuit has explained that the doctrine of *respondeat*

---

[1] Because he is a detainee, Plaintiff's claim arises under the Fourteenth Amendment Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (holding that a detainee's claim arises, if at all, under the Fourteenth Amendment's Due Process Clause).

*superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.") (internal quotation omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Here, Plaintiff has not alleged any personal involvement by Sheriff Carroll in the deprivation of his Constitutional rights. Instead, Plaintiff simply alleges that Sheriff Carroll was "in charge" of the Jail and that Sheriff Carroll did not appropriately discipline the Defendants who assaulted and retaliated against him and that Sheriff Carroll did not keep him safe even though he was in charge of the Jail. But as noted *supra*, simply being in charge is not a basis upon which to hold someone liable under § 1983. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Sheriff Carroll.

Furthermore, Plaintiff's Complaint fails to state a claim against Defendants Moultrie County, Illinois, and Advanced Correctional Healthcare. As for Moultrie County, Plaintiff seeks to hold the County liable simply because it employes the individual Defendants. Governmental entities such as Moultrie County "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of respondeat superior for constitutional violations committed by their employees." *Simpson v. Brown County*, 860 F.3d 1001, 1005–06 (7th Cir. 2017); *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). "The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the action of the entity's agents." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). To allege a *Monell* claim, a plaintiff must plead that his rights were violated and that the municipal defendant was the "moving force" behind his Constitutional injury. *Monell*, 436 U.S. at 691–95.

Plaintiff's Complaint contains no allegations that the County was the moving force behind the violation of his Constitutional rights. Instead, Plaintiff simply alleges that the County employed the persons who violated his Constitutional rights. That allegation is insufficient to maintain a *Monell* claim against the County.

Similarly, Plaintiff has failed to alleged facts with which to hold Advanced Correctional Healthcare liable. As a private corporation, Advanced Correctional Healthcare can only be held liable under § 1983 if Plaintiff's Constitutional rights were violated as a result of Advanced Correctional Healthcare's policy, custom, or practice of deliberate indifference. *Shields v. Illinois Dep't of Corrs.,* 746 F.3d 782, 789 (7th Cir. 2014).

Plaintiff's Complaint contains no allegations of any policy, custom, or practice maintained by Advanced Correctional Healthcare that resulted in the violation of his Constitutional rights. On the contrary, Plaintiff simply alleges that Advanced Correctional Healthcare employed Nurse Jane Doe, but the Nurse's employment status with Advanced Correctional Healthcare is insufficient to maintain a *Monell* claim against Advanced Correctional Healthcare.

Finally, Plaintiff may not maintain his claim against Nurse Jane Doe. It is true that Plaintiff may have a medical claim against the Nurse for violating his Fourteenth Amendment Due Process rights.

However, the Court cannot effect service of process upon a John Doe or Jane Doe Defendant. Fed. R. Civ. P. 4(m); *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (holding that the failure to identify John Doe defendants prior to close of discovery and serve them with process subjects the John Doe defendants to dismissal). Therefore, if he wants to proceed against this un-named Nurse, Plaintiff will need to identify her by proper name during discovery and will need to file an amended complaint identifying her by proper name so that the Court may effect service of process upon her pursuant to Federal Rule of Civil Procedure 4.

**Accordingly,**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states two claims upon which relief can be granted: (1) a First Amendment retaliation claim against Defendants Wilbur, Bickel, Pickery, Morgan, and Smith for retaliating against Plaintiff because he filed a PREA complaint,

which is an activity protected by the First Amendment; and (2) a claim for exerting excessive force against Plaintiff in violation of his Fourteenth Amendment rights against Defendants Wilbur, Bickel, Pickery, Morgan, and Smith. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court further finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the other named Defendants, and the Clerk of the Court is directed to dismiss the other Defendants as Parties to this case. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6).

3. The Clerk of the Court is further directed to attempt to effect service of process on Defendants Wilbur, Bickel, Pickery, Morgan, and Smith pursuant to the Court's standard procedures.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing a waiver of service to Defendants. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status

of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by a Defendant. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses

sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff. Counsel for Defendants shall arrange the time and place for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 6th day of November, 2026

s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE